# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DOUGLAS W. VOUGHT,** | : | CIVIL ACTION NO. 1:18-CV-1113 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **TWIN TIER HOSPITALITY, L.L.C.,** | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Douglas W. Vought ("Vought") commenced this action against his former employer, defendant Twin Tier Hospitality, L.L.C. ("Twin Tier"), asserting claims of discrimination, failure to accommodate, and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq*. Twin Tier moves to dismiss all counts for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, to strike portions of the amended complaint pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 14). For the reasons set forth below, the court will grant in part and deny in part Twin Tier's motion to dismiss.

## I. Factual Background & Procedural History

Twin Tier hired Vought as a regional director of operations and sales in January 2015. (See Doc. 11 ¶¶ 2, 8). On July 16, 2015, Vought was admitted to the psychiatric ward of the Hershey Medical Center. (Id. ¶ 9). Vought was placed in the hospital's intensive care unit and heavily sedated, rendering him unable to communicate. (Id. ¶ 11). Vought's sister, Patricia Marrero ("Marrero"), contacted

Twin Tier the following day to request a leave of absence on Vought's behalf. (Id. ¶ 12). Marrero informed Vought's supervisor, Alan Brand ("Brand"), that Vought had been hospitalized, that he "did not have a discharge date," and that his condition was related to alcoholism. (Id. ¶¶ 12-13). Marrero further explained that Vought "was going to be admitted to an inpatient rehabilitation program which would require him to miss work." (Id. ¶ 13). During the phone call, Brand stated that he was not authorized to approve the medical leave request and that he "would need to speak with Twin Tier's other representatives before confirming the company's position." (Id. ¶ 14).

Brand and Marrero spoke again on July 20, 2015, at which time Brand allegedly advised Marrero that "there were no medical leave options available" for Vought. (Id. ¶¶ 15, 17). According to the amended complaint, Brand recommended that Vought "resign due to health reasons" and cautioned that if Vought did not resign, the company would terminate him for job abandonment. (Id. ¶¶ 15-16). During this conversation, Brand purportedly claimed that by resigning, Vought would retain his eligibility to be rehired by Twin Tier. (Id. ¶ 15).

Vought remained hospitalized until July 21, 2015, at which point he was admitted to Roxbury Treatment Center ("Roxbury"). (Id. ¶¶ 18-19). Because he "had no alternative," Vought submitted a letter of resignation to Twin Tier on July 21, 2015. (Id. ¶ 21). Therein, Vought stated that "some medical issues" would "prevent [him] from performing the duties required in [his] position for at least the next thirty (30) days." (Id. (alterations in original); see Doc. 11-1 at 2). Vought was discharged from Roxbury on August 18, 2015. (Doc. 11 ¶ 19).

2

After Vought's discharge, Brand called Vought to arrange a meeting regarding Vought's interest in the company's general manager position. (Id. ¶ 22). Vought expressed his intent to apply for the position during a September 2, 2015 meeting with Brand. (Id. ¶ 23). Vought alleges that because general manager is a "lower level" position than regional director, he necessarily possessed the qualifications, experience, and skills necessary to perform the essential functions of general manager, with or without accommodation. (See id. ¶ 25). Shortly after their September 2 meeting, Brand informed Vought that Twin Tier would not rehire him and provided no reason for the company's decision. (Id. ¶¶ 26-27). Vought elected not to submit an application when the general manager position was officially posted. (Id. ¶ 29).

Vought filed a *pro se* charge of disability discrimination against Twin Tier with the Equal Employment Opportunity Commission ("EEOC") on February 9, 2016. (Id. ¶ 30; see Doc. 15-1 at 2). The EEOC investigated Vought's charge and thereafter issued a determination, (see Doc. 11-1 at 4-5), and right-to-sue letter, (Doc. 11 ¶ 6). Vought commenced the instant action on May 30, 2018. In his amended complaint, Vought asserts ADA claims of discrimination, failure to accommodate, and retaliation. Twin Tier moves to dismiss Vought's amended complaint or in the alternative to strike portions thereof pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). The motion is fully briefed and is ripe for disposition.

## II. Legal Standard

### A. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). Our sister courts in the Western District and the Eastern District of Pennsylvania have held that "an EEOC charge of discrimination and the related documents . . . are public records which may thus be considered without converting the motion to dismiss into a motion for summary judgment." Elchik v. Akustica, Inc., No. 12-578, 2013 WL 1405215, at *4 (W.D. Pa. Mar. 6, 2013); see also Hercik v. Rodale, Inc., No. 03-CV-6667, 2004 WL 1175734, at *1 (E.D. Pa. May 27, 2004).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly,

4

550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

  **B. Rule 12(f)**

A court may strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. FED. R. CIV. P. 12(f). District courts have "considerable discretion in disposing of a Rule 12(f) motion to strike." Zarichny v. Complete Payment Recovery Servs., Inc., 80 F. Supp. 3d 610, 615 (E.D. Pa. 2015) (quoting 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2014)). Motions to strike are disfavored and will generally be denied unless the allegation has "no possible relation or logical connection" to the action, significantly prejudices one party, or confuses the issues. 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2019); see also

5

Cipollone v. Liggett Grp., Inc., 789 F.2d 181, 188 (3d Cir. 1986). Any doubts about the challenged material should be resolved in favor of the nonmovant. 5C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1382 (3d ed. 2019).

## III. Discussion

Twin Tier asserts two principal arguments in support of its motion to dismiss: *first*, that Vought failed to exhaust administrative remedies under the ADA as to his failure to accommodate and retaliation claims[1]; and *second*, that Vought fails to state a claim for disability discrimination, failure to accommodate, and retaliation. Twin Tier alternatively asks the court to strike certain portions of Vought's amended complaint as prejudicial and immaterial. We will begin by addressing Twin Tier's exhaustion arguments.

### A. Failure to Exhaust Administrative Remedies

The ADA adopts the enforcement procedures of Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 12117(a). Thereunder, a plaintiff seeking redress for alleged discrimination must exhaust all administrative remedies before seeking relief in federal court. Mandel v. M & Q Packaging Corp., 706 F.3d 157, 163 (3d Cir. 2013) (citation omitted); Churchill v. Star Enters., 183 F.3d 184, 190 (3d Cir. 1999). Plaintiffs asserting discrimination under the ADA must file a charge with the EEOC

---

[1] Twin Tier also claims that Vought failed to exhaust administrative remedies with respect to his allegations of constructive discharge. (See Doc. 15 at 10-11). We reject this claim. In his amended complaint, Vought identifies constructive discharge as an adverse employment action, not as an independent ADA claim. (See Doc. 11 ¶¶ 22, 35, 46, 52). Moreover, Vought references this adverse employment action in his EEOC charge, noting that he "requested [a] leave of absence but it was denied" and that Brand "told [him] to resign from [his] position." (Doc. 15-1 at 2).

6

within 180 days of the allegedly unlawful employment practice, 42 U.S.C. § 2000e-5(e)(1), and must thereafter procure a "right-to-sue" letter from the EEOC before commencing a private action, Mandel, 706 F.3d at 163 (citation omitted).

A plaintiff generally must exhaust administrative remedies with respect to all claims, but a court may assume jurisdiction over claims not technically exhausted if they are reasonably within the scope of the complainant's EEOC charges and would be encompassed by the EEOC investigation. See id. (citations omitted); Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984). There must be a "close nexus" between the facts alleged in the administrative charge and any newly raised claim. See Hicks v. ABT Assocs., 572 F.2d 960, 967 (3d Cir. 1978); see also Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996). The relevant test is whether the alleged acts in the federal lawsuit are fairly encompassed within the scope of the prior agency charge and related investigation. Antol, 82 F.3d at 1295 (quoting Waiters, 729 F.2d 233, 237 (3d Cir. 1984) (*per curiam*)). In determining whether a claim is contemplated in an underlying charge, courts liberally interpret the administrative filing. Anjelino v. N.Y. Times Co., 200 F.3d 73, 94 (3d Cir. 1999) (quoting Hicks, 572 F.2d at 965).

Twin Tier contends that Vought's EEOC complaint does not contemplate failure-to-accommodate or retaliation claims. A failure-to-accommodate claim arises when an employer fails or refuses to make a good-faith effort to reasonably accommodate an individual's known disability. See 42 U.S.C. § 12112(b)(5)(A); see also Colwell v. Rite Aid Corp., 602 F.3d 495, 504 (3d Cir. 2010); Hohider v. UPS, Inc., 574 F.3d 169, 186 (3d Cir. 2009) (citations omitted); Taylor v. Phoenixville Sch. Dist.,

7

184 F.3d 296, 306 (3d Cir. 1999).  A retaliation claim arises when an employee engages in protected activity, such as making a good-faith request for disability accommodation, Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 190-91 (3d Cir. 2003) (citation omitted), and thereafter experiences an adverse employment action, see Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000) (citation omitted).  We find that Vought's EEOC charge encompasses both such claims.

According to the EEOC charge, Vought requested a leave of absence and Twin Tier thereafter instructed him to resign for medical reasons to remain eligible for rehire at a later date.  (See Doc. 15-1 at 2).  Vought also checked the box indicating disability discrimination.  (Id.)  In response to the allegations in Vought's charge, the EEOC initiated an investigation of and issued a determination regarding Twin Tier's alleged failure to accommodate Vought's disability.  (See Doc. 11-1 at 4).  We conclude that Vought's failure-to-accommodate claim is fairly within the scope of his EEOC charge and the attendant investigation.

As to the retaliation claim, Twin Tier correctly notes that Vought failed to check the box for retaliation on his EEOC charge.  (See Doc. 15-1 at 2).  Failure to check the appropriate box on an EEOC charge is material to an exhaustion analysis, see Mandel, 706 F.3d at 163-64, but is not alone dispositive, see Barzanty v. Verizon PA, Inc., 361 F. App'x 411, 414 (3d Cir. 2010) (nonprecedential).  In his charge, Vought indicated that he contacted Twin Tier to request a medical leave of absence, Twin Tier denied his request, and Brand advised him to resign due to his medical condition to remain eligible for rehire.  (Doc. 15-1 at 2).  Vought averred that Twin Tier thereafter informed him, without explanation, that he would not be considered

8

for rehire. (Id.) In its determination, the EEOC found that Twin Tier "retaliated against [Vought] by preventing him from being rehired." (Doc. 11-1 at 4). Construing Vought's EEOC charge liberally, we conclude that the essential elements of an ADA retaliation claim are fairly encompassed within the scope of the allegations therein and the EEOC's subsequent investigation. Accordingly, Vought has properly exhausted his failure-to-accommodate and retaliation claims.

### B. Failure to State a Claim

Twin Tier next challenges the sufficiency of Vought's ADA claims. We interpret Vought's amended complaint as asserting three ADA claims: (1) disability discrimination based on Vought's constructive discharge and Twin Tier's refusal to consider him for rehire; (2) failure to accommodate premised on Twin Tier's refusal to grant Vought's request for medical leave; and (3) retaliation in the form of Vought's constructive discharge and Twin Tier's failure to consider him for rehire. We address Vought's claims *seriatim*.

#### 1. *Disability Discrimination Claim*

The ADA provides that an employer may not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim of ADA discrimination, Vought must establish that (1) he is disabled within the meaning of the ADA; (2) he is otherwise qualified for the position, with or without reasonable accommodation; and (3) he suffered an adverse employment action as a result of discrimination.

9

Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 185 (3d Cir. 2010) (citing Taylor, 184 F.3d at 306); Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006) (citations omitted). Twin Tier argues that Vought has failed to allege facts plausibly demonstrating the first two elements of his *prima facie* case. (See Doc. 15 at 13-14).

### a. **Individual with a Disability**

An individual is disabled under the ADA if, *inter alia*, he or she has a physical or mental impairment that substantially limits a major life activity. 42 U.S.C. § 12102(1)(A). Alcoholism can constitute a disability within the meaning of the ADA when it substantially limits a plaintiff's ability to engage in a major life activity.[2] See Szczesny v. Gen. Elec. Co., 66 F. App'x 388, 393 (3d Cir. 2003) (nonprecedential) (citing Hinnershitz v. Ortep of Pa., No. 97-7148, 1998 WL 962096, at *4 (E.D. Pa. Dec. 22, 1998), aff'd 203 F.3d 817 (3d Cir. 1999)); see also Bailey v. Ga.-Pac. Corp., 306 F.3d 1162, 1167 (1st Cir. 2002) (collecting circuit court cases). Major life activities include "caring for oneself, performing manual tasks, . . . concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). An individual's disability need not altogether prevent performance of a major life activity to be considered substantially limiting. 29 C.F.R. § 1630.2(j)(1)(ii). Instead, an impairment qualifies

---

[2] An employer may hold an alcoholic employee to "the same qualification standards for employment or job performance and behavior that such entity holds other employees, even if any unsatisfactory performance or behavior is related to the . . . alcoholism of such employee." 42 U.S.C. § 12114(c)(4). This provision permits employers to "respond to addiction-related misconduct in a way that they cannot respond to other disability-related misconduct." Salley v. Circuit City Stores, Inc., 160 F.3d 977, 981 (3d Cir. 1998) (citing 42 U.S.C. § 12114(c)). However, an employee who seeks rehabilitation and is no longer abusing alcohol is protected by the ADA. See 42 U.S.C. § 12114(b).

as a disability within the ADA when "it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population." Id.; see Sulima, 602 F.3d at 185.

Vought alleges that his alcoholism substantially limited a major life activity by rendering him unable to work. (See Doc. 11 ¶¶ 13, 38(a)). Treating his alcoholism required a period of hospitalization during which he was "heavily sedated" and unable to communicate for several days followed by a period of inpatient rehabilitation. (See id. ¶¶ 11-13). Twin Tier asserts that Vought fails to explain exactly *how* his alcoholism limited a major life activity, (Doc. 15 at 14), but factual inquires of this nature are inappropriate at this stage of litigation, see Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009). Vought's allegations of alcoholism and his inability to work because of related treatments, if proven, are sufficient to show that he is limited in a major life activity.[3]

### b. Qualified Individual

A "qualified" individual can "perform the essential functions of the employment position that such individual holds or desires" with or without accommodation. 42 U.S.C. § 12111(8). The assessment of whether an individual is qualified within the meaning of the ADA is a two-part inquiry. Turner, 440 F.3d at 611 (referencing 29 C.F.R. § 1630.2(n)); Buskirk v. Apollo Metals, 307 F.3d 160, 168 (3d Cir. 2002). Vought must plausibly allege that, at the time of the adverse

---

[3] In addition to alcoholism, Vought alleges suffering from other disabilities "including, without limitation, . . . certain medical and/or mental health conditions." (Doc. 11 ¶ 38(a)). Vought cannot sustain his ADA claims on these vaguely pled disabilities.

11

employment action, he (1) had the appropriate prerequisites for the position he held or desired, and (2) was able to perform the essential functions of the held or desired position, with or without reasonable accommodation. Turner, 440 F.3d at 611 (citations omitted). Vought avers that he had "excellent qualifications, experience, skills, and education" which he presumably demonstrated during his six-month term of employment as regional director. (See Doc. 11 ¶ 25). Twin Tier does not dispute this assertion. (See Doc. 15 at 14). Rather, Twin Tier appears to suggest that Vought could not carry out the functions of a regional director with or without reasonable accommodation. (Id.)

The ADA describes "reasonable accommodation" to include such measures as "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, . . . and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B). In addition to this nonexhaustive list, ADA guidelines explain that "other accommodations could include permitting the use of accrued paid leave or providing additional unpaid leave for necessary treatment." 29 C.F.R. pt. 1630, app. (2016). A finite period of unpaid medical leave may constitute a reasonable accommodation if the requested leave "would enable the employee to perform his essential job functions in the near future." See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 151 (3d Cir. 2004); Walton v. Mental Health Ass'n of Se. Pa., 168 F.3d 661, 671 (3d Cir. 1999). Several courts, including the Third Circuit in a nonprecedential decision, have held that a request for an indefinite and open-ended leave of absence is not a reasonable accommodation. Fogleman v. Greater Hazelton

Health All., 122 F. App'x 581, 586 (3d Cir. 2004) (nonprecedential) (collecting cases); Schneider v. Phila. Gas Works, 223 F. Supp. 3d 308, 320 (E.D. Pa. 2016); McDonald v. SEIU Healthcare Pa., No. 1:13-CV-2555, 2014 WL 4672493, at *9 (M.D. Pa. Sept. 18, 2014) (Conner, C.J.) (citations omitted).

At the time of his alleged constructive discharge, Vought was unable to perform the essential functions of his job without accommodation due to the nature of the treatment he required. (See Doc. 11 ¶¶ 11, 13, 18, 19). Vought claims that he was hospitalized in "intensive care, was heavily sedated, and was unable to effectively communicate with anyone for several days." (Id. ¶ 11). In his brief, Vought characterizes his requested accommodation as a period of "limited" medical leave. (Doc. 23 at 11). Yet Vought's amended complaint is devoid of any factual allegations which would support an inference that his request for medical leave was anything but open-ended.[4] When Marrero contacted Brand to request a medical leave on Vought's behalf, she advised that Vought "did not have a discharge date" and "was going to be admitted to an inpatient rehabilitation program which would require him to miss work." (Doc. 11 ¶¶ 12-13). We are constrained to conclude that Vought has not plausibly alleged he could perform the essential functions of his

---

[4] Vought argues that in requesting medical leave from Twin Tier, Marrero was unable to provide a definitive discharge date but "was able to state that his treatment would probably require at least a 30-day medical leave." (Id.) To support this proposition, Vought cites paragraphs 12 through 19 of the amended complaint. (See id.; Doc 11 ¶¶ 12-19). Yet these paragraphs contain no mention of a 30-day medical leave period. Vought's resignation letter stated that his medical issues would prevent him from working for "at least the next thirty days," (Doc. 11-1 at 2), but Vought fails to plausibly allege that he or Marrero provided Twin Tier with this information at the time of the accommodation request, (see Doc 11 ¶ 21).

13

position with a reasonable accommodation—*viz.*, that he was a "qualified individual" within the meaning of the ADA—at the time of his July 2015 constructive discharge.

Vought also claims that after he completed treatment at Roxbury, Twin Tier further discriminated against him by refusing to consider him for the available general manager position. (Id. ¶ 47). Vought alleges that Twin Tier "knew he could perform the essential functions of the lower level, General Manager position with or without accommodation." (Id. ¶ 25(c)). Vought's averments plausibly suggest that he was able to perform the essential functions of the desired position at the time he sought to be rehired and was thus a qualified individual under the ADA. Vought's discrimination claim survives Rule 12 scrutiny to the extent that it is premised on Twin Tier's failure to consider him for rehire.

### 2. *Failure-to-Accommodate Claim*

The ADA protects against discriminatory employment actions such as termination or failure to hire, as well as failure to reasonably accommodate an individual's disability. See 42 U.S.C. § 12112(b)(5)(A)-(B). The elements of a failure-to-accommodate claim are identical to those of a discrimination claim, including the requirement of an adverse employment action. See Hohider, 574 F.3d at 186-87 (citation omitted). An employer's refusal to make reasonable accommodations for an employee's disabilities or failure to engage in "reasonable efforts to assist the employee and to communicate with the employee in good faith" both constitute adverse employment actions. See Colwell, 602 F.3d at 504 (citation omitted).

To hold Twin Tier liable for a breakdown in this "interactive process," Vought must allege that (1) Twin Tier knew about his disability; (2) he requested an accommodation for his disability; (3) Twin Tier did not make a good-faith effort to assist him in seeking an accommodation; and (4) Vought could have been reasonably accommodated but for Twin Tier's lack of good faith. See id. (citation omitted). An employee claiming failure to accommodate "cannot recover without showing that a reasonable accommodation was possible." Williams v. Phila. Hous. Auth. Police Dep't, 380 F.3d 751, 772 (3d Cir. 2004) superseded in part by statute on other grounds as stated in Robinson v. First State Cmty. Action Agency, 920 F.3d 182, 188 n.3 (3d Cir. 2019)) (quoting Donahue v. Consol. Rail Corp., 224 F.3d 226, 234 (3d Cir. 2000)).

Twin Tier contends that Vought's failure-to-accommodate claim should be dismissed because Vought's request for open-ended leave is not a reasonable accommodation. We agree. Vought clearly alleges that Twin Tier knew of his disability, that he requested an accommodation, and that Twin Tier failed to make a good-faith effort to engage in the interactive process. (See Doc. 11 ¶¶ 20, 28, 35, 40, 45-47). Both the "qualified individual with a disability" and "interactive process" analyses, however, require Vought to plausibly allege the possibility of a reasonable accommodation. See Hohider, 574 F.3d at 193. We are mindful of the deferential standard that governs this stage of the litigation. See Fowler, 578 F.3d at 213. Nevertheless, because Vought has failed to allege that he requested anything other than indefinite, open-ended leave, he cannot maintain his failure-to-accommodate claim.

15

### 3. *Retaliation Claim*

To plead a *prima facie* case of ADA retaliation, Vought must allege facts showing that (1) he engaged in a protected activity, (2) the employer subjected him to an adverse employment action, and (3) there is a "causal connection" between the protected activity and the allegedly adverse action. Shaner, 204 F.3d at 500 (quoting Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997)). Protected activity includes a good-faith request for accommodation. Sulima, 602 F.3d at 188 (citation omitted); Shellenberger, 318 F.3d at 191. A plaintiff need not demonstrate that he or she is disabled to succeed on an ADA retaliation claim. Sulima, 602 F.3d at 188 (citation omitted).

The Third Circuit has noted that a failure-to-accommodate claim cannot also be characterized as a retaliation claim because an employer's declination to provide an accommodation constitutes an "alleged failure[] to fulfill the affirmative duties prescribed by the ADA" rather than an action prohibited by the statute. Pagonakis v. Express LLC, 315 F. App'x 425, 431 (3d Cir. 2009) (nonprecedential). Applying this reasoning, district courts within the Third Circuit regularly dismiss ADA retaliation claims premised solely on an employer's denial of a requested accommodation. See, e.g., Barnard v. Lackawanna County, No. 3:17-CV-66, 2017 WL 4233030, at *7 (M.D. Pa. Sept. 25, 2017) (collecting cases); see also Semcheski v. Cunningham Lindsey U.S., Inc., No. 3:16-CV-1592, 2018 WL 3417219, at *6 (M.D. Pa. July 13, 2018) (citing Garner v. Sch. Dist. of Phila., 63 F. Supp. 3d 483, 500 (E.D. Pa. 2014)).

Twin Tier asseverates that Vought's ADA retaliation claim is merely a reiteration of his failure-to-accommodate claim. (Doc. 15 at 17-19). We disagree. Vought alleges that he engaged in protected activity by requesting, through his sister, a medical leave of absence to seek treatment for his alcoholism. (Doc. 11 ¶¶ 12-13, 35, 52(a)). Construing the amended complaint in his favor, we find that Vought plausibly alleges that his request for medical leave was made in good faith. Following this request for disability accommodation, Twin Tier purportedly constructively discharged Vought and then refused to consider him for rehire.[5] (Id. ¶ 52(b)). Because Vought identified adverse employment decisions beyond Twin Tier's denial of his accommodation request, cf. Barnard, 2017 WL 4233030, at *7, Vought has sufficiently alleged an ADA retaliation claim.

### C. Leave to Amend

The Third Circuit requires district courts to grant leave to amend in civil rights cases when a curative amendment is conceivable. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The sole deficiency identified herein—that Vought failed to allege facts giving rise to an inference that the requested medical leave of absence was anything but open-ended—is factual in

---

[5] Vought appears to allege that he engaged in further protected activity by opposing "Twin Tier's unlawful acts and practices." (Doc. 11 ¶ 52(a)). Yet nowhere in the amended complaint does Vought clarify what "unlawful acts and practices" he ostensibly opposed. (See id.) Vought cannot sustain his ADA retaliation claim on this supposed conduct as pled.

nature and conceivably curable. We therefore conclude that granting Vought leave to file a second amended complaint is appropriate.

    D.    **Motion to Strike**

Twin Tier also argues that this court should strike all references to the EEOC determination attached to Vought's amended complaint as prejudicial and immaterial. (Doc. 15 at 19; see Doc. 11-1 at 4-5). We disagree. The EEOC determination was material to the court's exhaustion analysis regarding whether Vought's failure to accommodate and retaliation claims were fairly within the scope of the EEOC charge and investigation. Twin Tier fails to specify why the EEOC's determination is irrelevant, immaterial, and prejudicial. (See Doc. 15 at 19). And implicit in Twin Tier's motion to strike is a concern that the jury will be confused or prejudiced by the content of the EEOC's determination. Any such concern is, however, premature. Twin Tier may challenge the admissibility of the EEOC determination and its references in Vought's amended complaint at an appropriate time before or during trial. Accordingly, we will deny Twin Tier's motion to strike.

**IV.    Conclusion**

The court will grant in part and deny in part Twin Tier's motion (Doc. 14) to dismiss the amended complaint. An appropriate order shall issue.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

Dated:    June 17, 2019